■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE SANCHEZ, Appellant. — Judgment, Supreme Court, Bronx County (William Holland, J.). rendered January 29, 1982, which convicted defendant after trial of the crimes of robbery in the first degree (Penal Law, § 160.15), criminal possession of a weapon in the second degree (Penal Law, § 265.03) and criminal possession of a weapon in the third degree (Penal Law, § 265.02), and imposing concurrent indeterminate sentences of 3 to 9 years on the robbery count, 3 to 9 years on the possession of a weapon in the second degree count and 1 to 3 years on the possession of a weapon in the third degree count, is unanimously modified, as a matter of discretion in the interest of justice, only to the extent of reversing the indeterminate sentences on both the robbery count and the possession of a weapon in the second degree count and reducing the sentence to 2 to 6 years, and otherwise affirmed. The defendant lived over a bodega owned by the victim, which was located at 2 East 181st Street in The Bronx. In March 1981, the victim went to Puerto Rico for a couple of weeks. Before leaving, the victim hired the defendant, at $70 per week, to help the victim's brother-in-law close up the bodega each evening. When the victim returned, he paid the defendant $140 plus a $50 bonus. However, the defendant only took $170, informing the victim that he did not need the other $20. About three weeks later, defendant came into the bodega and demanded this $20, claiming that since the victim offered it to him, the victim now owed it to him. The victim told defendant that once defendant rejected the money he no longer had a claim to it. Within the hour, defendant was back in the bodega, and at the point of a gun he compelled the victim to give the defendant $20. The presentence report reveals that the defendant is 29 years old and a Cuban refugee, without a prior criminal record.

The facts of this crime are unusual, in that defendant committed the subject crime to obtain $20 that had earlier been offered to him as a gift and which he believed was his. Consequently, in our opinion, the ends of justice would best be served by this sentence reduction. Concur — Murphy, P. J., Ross, Carro, Silverman and Fein, JJ.